# Third District Court of Appeal

**State of Florida**

Opinion filed February 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1372
Lower Tribunal No. 12-1967
_____

**SunTrust Mortgage, Inc.,**
Appellant,

vs.

**Ileana Garcia, etc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Gerald Hubbart, Senior Judge.

Gray Robinson, Alexandria de Alejo, and David S. Hendrix, (Tampa), for appellant.

The Ticktin Law Group, and Kendrick Almaguer, (Deerfield Beach), for appellee, Ileana Garcia.

Before WELLS, SHEPHERD and LAGOA, JJ.

*ON CONFESSION OF ERROR*

WELLS, Judge.

SunTrust Mortgage, Inc. appeals from an order granting summary judgment in mortgagor Ileana Garcia's favor on a finding that the notice of default provided to Garcia failed to comply with the notice provisions detailed in paragraph 22[1] of the mortgage being foreclosed. On Garcia's commendable confession of error and our review of the record, we agree that the notice[2] provided substantially complies

_____

[1] Paragraph 22 of the mortgage, in pertinent part, provides:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

[2] In April 2011, Garcia stopped paying the monthly installments on the note secured by the mortgage at issue here. On May 9, 2011, SunTrust sent Garcia a "Default Notice" stating:

> This is a notice that the above referenced property secured by the Deed of Trust/Mortgage is in default. The loan is now due for the 04-01-11 installment; therefore, you are in default for the total amount shown above [$1,890.66] which includes mortgage payments, late charges, and any additional fees that may have accrued. The amount of the default will increase when an additional payment or an additional late charge becomes due. In order to reinstate the loan, please remit, in guaranteed funds, the total amount due including any additional payments or late charges that become due, along with any

2

with paragraph 22 of the mortgage. See Bank of Am. v. Cadet, No. 3D15-669 (Fla. 3d DCA Jan. 20, 2016) (confirming that default notices are reviewed under "ordinary contract principles" which under Florida law, requires only substantial compliance with contractual provisions); Bank of New York Mellon v. Nunez, 40 Fla. L. Weekly D2486 (Fla. 3d DCA Nov. 4, 2015) (confirming that a mortgagee's default notice to a mortgagor, which is a condition precedent to foreclosure, need only substantially and not strictly comply with the requirements set forth in a mortgage governing such notices).

We therefore reverse the order under review and remand for reinstatement of this action.

---

fees for a market analysis or appraisal that will be ordered within the next few days.

If reinstatement funds are not received within thirty days from the date of this letter [May 09, 2011], it may become necessary to accelerate the entire balance of the loan. Should the entire unpaid balance of the loan be accelerated foreclosure proceedings will be instituted in accordance with the aforementioned Deed of Trust/Mortgage. The loan may be reinstated prior to the fifth day before the date of the foreclosure sale by tendering, in certified funds, the entire delinquent amount including any additional payments which become due, all late charges, fees and other expenses incurred by the lender (not applicable to VA Guaranteed loans). In the event that the loan is not reinstated, sale will occur as scheduled.

You have the right to bring a court action at any time to assert the non-existence of default or any other defenses you might have to acceleration and sale. The seriousness of this matter should not be disregarded.